UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY TUCKER,

        Plaintiff,               Case No.: 2:23-cv-13134-SFC-APP
                                   Hon. Sean F. Cox

v.

UNITED WHOLESALE MORTGAGE,
INC.,

        Defendant.

_____

Carla D. Aikens (P69530)
Austen J. Shearouse (P84539)
CARLA D. AIKENS, P.L.C.
615 Griswold St., Ste. 709
Detroit, MI 48226
844.835.2993
carla@aikenslawfirm.com
austen@aikenslawfirm.com

*Attorneys for Plaintiff*

Dean Pacific (P57086)
Daniel S. Brookins (P86665)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
dpacific@wnj.com
dbrookins@wnj.com

*Attorneys for Defendant*

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION UNDER RULE 12(b)(1) AND THE FEDERAL ARBITRATION ACT, OR ALTERNATIVELY, RULE 12(b)(6)**

Defendant United Wholesale Mortgage ("UWM") hereby moves the Court to compel arbitration of the claims asserted in this action pursuant to Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*., and to dismiss this action pursuant to Federal

Rule of Civil Procedure 12(b)(1) or alternatively pursuant to Federal Rule of Civil Procedure 12(b)(6).

As required by Local Rule 7.1(a), on January 5, 2024, counsel for UWM contacted counsel for Plaintiff to seek concurrence in the relief sought, but such concurrence was not obtained. Accordingly, UWM files the current Motion and accompanying Brief in Support.

Accordingly, and based on the authorities set forth in the accompanying Brief in Support, UWM respectfully asks the Court to grant this Motion to Dismiss and Compel Arbitration.

Dated:  January 10, 2024                    /s/*Dean Pacific*_____
                                            Dean Pacific (P57086)
                                            Daniel S. Brookins (P86665)
                                            WARNER NORCROSS + JUDD LLP
                                            150 Ottawa Avenue NW, Suite 1500
                                            Grand Rapids, MI 49503
                                            616.752.2000
                                            dpacific@wnj.com
                                            dbrookins@wnj.com

                                            *Attorneys for Defendant United Wholesale Mortgage*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2024, I electronically filed the foregoing motion, the accompanying brief, and the accompanying declaration and exhibit with the Clerk of the Court using the ECF system, which will send notification of such filings to the following: carla@aikenslawfirm.com. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

/s/ Dean Pacific
Dean Pacific

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY TUCKER,

        Plaintiff,

v.

UNITED WHOLESALE MORTGAGE,
INC.,

        Defendant.

Case No.: 2:23-cv-13134-SFC-APP
Hon. Sean F. Cox

---

| | |
|---|---|
| Carla D. Aikens (P69530) | Dean Pacific (P57086) |
| Austen J. Shearouse (P84539) | Daniel S. Brookins (P86665) |
| CARLA D. AIKENS, P.L.C. | WARNER NORCROSS + JUDD LLP |
| 615 Griswold St., Ste. 709 | 150 Ottawa Avenue NW, Suite 1500 |
| Detroit, MI 48226 | Grand Rapids, MI 49503 |
| 844.835.2993 | 616.752.2000 |
| carla@aikenslawfirm.com | dpacific@wnj.com |
| austen@aikenslawfirm.com | dbrookins@wnj.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND
COMPEL ARBITRATION UNDER RULE 12(b)(1) AND THE FEDERAL
ARBITRATION ACT, OR ALTERNATIVELY, RULE 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ISSUES PRESENTED.......................................................................................v

MOST CONTROLLING AUTHORITY.............................................................. vii

INTRODUCTION ...........................................................................................1

BACKGROUND ...........................................................................................1

PROCEDURAL HISTORY................................................................................3

STANDARD OF REVIEW ...............................................................................3

STATUTORY FRAMEWORK............................................................................4

SIMILAR DECISION.......................................................................................7

ARGUMENT ................................................................................................8

CONCLUSION ............................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Andrews v. TD Ameritrade, Inc.*,
   596 F. App'x 366 (6th Cir. 2014) ........................................................3

*Asplundh Tree Expert Co. v. Bates*,
   71 F.3d 592 (6th Cir. 1995) ...............................................................12

*Battaglia v. McKendry*,
   233 F.3d 720 (3d Cir. 2000) .................................................................9

*Big City Small World Bakery Cafe, LLC v. Francis David Corp.*,
   265 F. Supp. 3d 750 (E.D. Mich. 2017) ...............................................4

*Boykin v. Fam. Dollar Stores of Michigan, LLC*,
   3 F.4th 832 (6th Cir. 2021) ..................................................................6

*Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*,
   706 F.2d 155 (6th Cir. 1983) ...............................................................9

*Cooper v. MRM Inv. Co.*,
   367 F.3d 493 (6th Cir. 2004) .............................................................12

*Debro v. French*,
   15-14225, 2017 WL 927622 (E.D. Mich. Feb. 16, 2017) ..................12

*Dobson v. Counsellors Sec., Inc.*,
   No. 94-CV-73942-DT, 1995 WL 871004 (E.D. Mich. Sept. 13,
   1995) .....................................................................................................9

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002)..........................................................................4, 5

*Fazio v. Lehman Bros.*,
   340 F.3d 386 (6th Cir. 2003) ....................................................4, 6, 13

*Green v. Ameritech Corp.*,
   200 F.3d 967 (6th Cir. 2000) ...............................................................7

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*,
350 F.3d 568 (6th Cir. 2003) ...................................................................9, 10, 11

*Hillery v. Genisys Credit Union*,
No. 23-11452, 2023 WL 6627969 (E.D. Mich. Oct. 11, 2023) ........................11

*Hunt v. Macy's Retail Holdings, Inc.*,
08-14307-BC, 2009 WL 349359 (E.D. Mich. Feb. 10, 2009) ...........................13

*Laborers' Int'l Union of N. Am., Loc. Union No. 576 v. Churchill Downs Racetrack, LLC*,
No. 3:19-CV-936-RGJ, 2021 WL 1109357 (W.D. Ky. Mar. 23, 2021) ......................................................................................................................9

*Lancaster v. Comcast Commc'ns Mgmt. LLC*,
No. 16-14446, 2017 WL 3616494 (E.D. Mich. Aug. 23, 2017) .....................4, 5

*McGee v. Armstrong*,
No. 5:11CV2751, 2014 WL 3012879 (N.D. Ohio July 3, 2014) ......................11

*McIntyre v. First Fin. Grp.*,
No. 1:12-CV-00740, 2012 WL 5939931 (W.D. Mich. Nov. 27, 2012) ......................................................................................................................4

*Memmer v. United Wholesale Mortgage*,
No. 23-CV-11261, 2023 WL 8655263 (E.D. Mich. Dec. 14, 2023)........3, 6, 7, 8

*Milestone v. Citrus Specialty Grp., Inc.*,
No. 8:19-CV-2341-T-02JSS, 2019 WL 5887179 (M.D. Fla. Nov. 12, 2019) ....................................................................................................................11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)............................................................................................5

*Myers v. Darden Rest. Grp.*,
No. 14-13316, 2015 WL 5693673 (E.D. Mich. Feb. 13, 2015) ..........................8

*Panepucci v. Honigman Miller Schwartz & Cohn LLP*,
281 F. App'x 482 (6th Cir. 2008) ......................................................................11

*Powers Distrib. Co., Inc. v. Grenzebach Corp.*,
No. 16-12740, 2016 WL 6611032 (E.D. Mich. Nov. 9, 2016) ...........................3

*Rembert v. Ryan's Fam. Steak Houses, Inc.*,
  596 N.W.2d 208 (Mich. App. 1999) ...................................................................13

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ............................................................................................12

*Richardson v. Universal Tech. Inst. of Ariz., Inc.*,
  No. 1:06-CV-858, 2007 WL 1343672 (W.D. Mich. May 8, 2007) ...................12

*Roasting Plant of Michigan JV, LLC v. Roasting Plant, Inc.*,
  No. 18-CV-10295, 2018 WL 5885508 (E.D. Mich. Nov. 9, 2018) .....................7

*ShaZor Logistics, LLC v. Amazon.com, LLC*,
  628 F. Supp. 3d 708 (E.D. Mich. 2022) ............................................................12

*Sparks Belting Co. v. BDL Maschinenbaugesellshaft, GmbH*,
  No. 1:05-CV-293, 2005 WL 3556086 (W.D. Mich. Dec. 29, 2005) .................10

*In Re StockX Customer Data Security Breach*,
  19 F.4th 873 (6th Cir. 2021) ...............................................................................6

*Willis v. Dean Witter Reynolds, Inc.*,
  948 F.2d 305 (6th Cir. 1991) .............................................................................12

**Statutes**

9 U.S.C. §§ 1 *et seq.* ................................................................................*passim*

42 U.S.C. § 1981 ..................................................................................................3, 11

Elliot-Larsen Civil Rights Act ...................................................................................3

**Rules**

Fed. R. Civ. P. 12 ...............................................................................................1, 3, 4

## ISSUES PRESENTED

I.    Whether the claims asserted in the Complaint are subject to mandatory arbitration as a result of the binding arbitration provision in the employment agreement between the parties?

United Wholesale Mortgage's Answer:    Yes.

## MOST CONTROLLING AUTHORITY

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002).

*Fazio v. Lehman Bros.*, 340 F.3d 386 (6th Cir. 2003).

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568 (6th Cir. 2003).

*In Re StockX Customer Data Security Breach*, 19 F.4th 873 (6th Cir. 2021).

## INTRODUCTION

The Complaint should be dismissed, because every one of the eight claims asserted by Plaintiff Corey Tucker ("**Tucker**") are subject to mandatory arbitration. At the start of Tucker's employment at Defendant United Wholesale Mortgage ("**UWM**"), the parties entered into an employment agreement (the "**Agreement**"). The Agreement included a provision requiring any dispute arising out of the Agreement or the employment relationship be resolved through arbitration. To avoid any doubt, the provision expressly obligated Tucker to submit any discrimination or statutory claims to arbitration. The broad arbitration provision clearly covers each of Tucker's claims, and it is well-settled that all of Tucker's claims are arbitrable under federal law. For these reasons, along with those stated more fully below, UWM respectfully asks this Court to dismiss the complaint and compel arbitration under Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §§ 1, *et seq.*, or alternatively under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

This case is an employment dispute between Tucker and his former employer, UWM. UWM employed Tucker from December of 2021 to June of 2022 as an underwriter. (ECF No. 1, PageID.2-7.) Tucker contends that, among other things,

UWM discriminated against him by terminating him on the basis of his race. (*See id.*)

When Tucker started at UWM in December of 2021, the parties entered into the Agreement, via electronic signatures. (Agreement (Ex. A to Decl. of J. Wohlgamuth).)[1] The Agreement provides the terms governing the parties' employment relationship, including termination and UWM's "policies and procedures." (*Id.* §§ 10-11.) The Agreement also contains a mandatory arbitration provision. Specifically, Section 32 of the Agreement, titled "Arbitration," states that "[i]f a material dispute arises out of the employment relationship between the parties or under this Agreement (other than a breach by [Tucker] of [certain provisions of the Agreement]) . . . , the parties shall submit such dispute to binding arbitration . . . ." (*Id.* § 32.) This provision goes on to state: "BY SIGNING THIS AGREEMENT, EMPLOYEE ACKNOWLEDGES THAT HE OR SHE IS GIVING UP THE RIGHT TO A TRIAL IN A COURT OF LAW AS TO ANY DISCRIMINATION OR OTHER STATUTORY CLAIMS, AND IS HEREBY AGREEING TO SUBMIT ALL SUCH CLAIMS TO BINDING ARBITRATION." (*Id.* (capitalization original).)

---

[1] Mr. Wohlgamuth's declaration is attached to this brief as Exhibit 1.

## PROCEDURAL HISTORY

Tucker filed the Complaint on December 8, 2023. (ECF No. 1, PageID.1-20.) The Complaint contains the following counts: (1) retaliation in violation of 42 U.S.C. § 1981, (2) discrimination in violation of 42 U.S.C. § 1981, (3) harassment and discrimination in violation of Title VII, (4) discrimination in violation of the Elliot-Larsen Civil Rights Act ("ELCRA"), (5) retaliation in violation of Title VII, (6) retaliation in violation of the ELCRA, (7) hostile workplace environment in violation of Title VII, and (8) hostile workplace environment in violation of the ELCRA.

On January 2, 2024, Tucker sent a request for waiver of service. (ECF No. 4, PageID.25.) UWM agreed to waive service. (*See id.*)

## STANDARD OF REVIEW

"Courts in the Sixth Circuit are split on" whether a motion to compel arbitration "should be brought under Federal Rule of Civil Procedure 12(b)(1) . . . or Rule 12(b)(6)." *Powers Distrib. Co., Inc. v. Grenzebach Corp.*, No. 16-12740, 2016 WL 6611032, at *2 (E.D. Mich. Nov. 9, 2016). Because the Sixth Circuit has previously affirmed dismissal due to mandatory arbitration under Rule 12(b)(1), *see Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 371 (6th Cir. 2014), and because this Court previously suggested that a motion to compel arbitration should be filed under the FAA, *Memmer v. United Wholesale Mortgage*, No. 23-CV-11261, 2023

3

WL 8655263, at *2 (E.D. Mich. Dec. 14, 2023), UWM moves first under Rule

12(b)(1) and Section 4 of the FAA, and then under Rule 12(b)(6) in the alternative.[2]

## STATUTORY FRAMEWORK

The FAA governs whether this dispute must be submitted to arbitration. *See*

*Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) (outlining the "threshold

determinations" a "district court must make" "[u]nder the [FAA] . . . before

compelling arbitration"); *see also Lancaster v. Comcast Commc'ns Mgmt. LLC*, No.

16-14446, 2017 WL 3616494, at *1, 3, 6 (E.D. Mich. Aug. 23, 2017) (holding that

arbitration agreement fell within scope of the FAA where plaintiff brought

employment discrimination claims under federal and Michigan law); *McIntyre v.

First Fin. Grp.*, No. 1:12-CV-00740, 2012 WL 5939931, at *4 (W.D. Mich. Nov.

27, 2012) ("[T]he FAA is applicable to state as well as federal claims.").

Congress enacted the FAA "to reverse the longstanding judicial hostility to

arbitration agreements," and "to place arbitration agreements upon the same footing

as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citation

omitted). Manifesting a "liberal federal policy favoring arbitration agreements," the

FAA "is at bottom a policy guaranteeing the enforcement of private contractual

---

[2] There is also case law suggesting that a motion to dismiss and compel arbitration should be brought under Rule 12(b)(3). *See Big City Small World Bakery Cafe, LLC v. Francis David Corp.*, 265 F. Supp. 3d 750, 757 (E.D. Mich. 2017). Should the Court deem Rule 12(b)(3) to be the proper vehicle, UWM requests the Court consider this motion under that rule.

arrangements." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985) (citation omitted).

The FAA provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. "Employment contracts," such as the Agreement at issue here, "are covered by the FAA." *Waffle House*, 534 U.S. at 289; *see also Lancaster*, 2017 WL 3616494, at *3.

The FAA further "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Waffle House*, 534 U.S. at 289 (citing 9 U.S.C. §§ 3, 4). Specifically, Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure . . . to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

To "determine whether the existence of an agreement is 'in issue,'" under Section 4, "this court applies the standard for summary judgment." *In Re StockX Customer Data Security Breach*, 19 F.4th 873, 881 (6th Cir. 2021); *see also Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838 (6th Cir. 2021). The party seeking arbitration "must initially carry its burden to produce evidence that would allow a reasonable jury to find that a contract exists." *StockX*, 19 F.4th at 881. The burden then shifts to the non-moving party to "'cit[e] to particular . . . materials in the record' . . . to show that there is a genuine dispute of material fact that could 'lead a rational trier of fact to find' that a contract does not exist." *Id.* at 882 (internal citation omitted).

Once this Court is satisfied that an arbitration agreement exists, the next step is to "determine the scope of [the parties' arbitration] agreement," *Memmer*, 2023 WL 8655263, at *3 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)), and whether the claims at issue fall within that scope, *Fazio*, 340 F.3d at 392. If "federal statutory claims are asserted, [courts] must [also] consider whether Congress intended those claims to be nonarbitrable." *Memmer*, 2023 WL 8655263, at *3 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). "It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio*, 340 F.3d at 392. Moreover, "the FAA preempts state laws and

6

policies regarding arbitration." *Id.* at 392-93. "State contract law, however, governs in determining whether the arbitration clause itself was validly obtained." *Id.* at 393.

Finally, Federal Courts of Appeals, including the Sixth Circuit, have authorized dismissal where all claims in an action are arbitrable because, in that instance, "retaining jurisdiction and staying the action will serve no purpose." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (citation omitted); *see also Roasting Plant of Michigan JV, LLC v. Roasting Plant, Inc.*, No. 18-CV-10295, 2018 WL 5885508, at *6 (E.D. Mich. Nov. 9, 2018).

## SIMILAR DECISION

On December 14, 2023, this Court granted a nearly identical motion to compel arbitration in: (1) a case filed against UWM, (2) by the same law firm (representing a different plaintiff), and (3) concerning a nearly identical Agreement.[3] *Memmer*, 2023 WL 8655263, at *7. That decision is indistinguishable and should control here.

---

[3] If anything, the language used in the present (more recent) version of UWM's arbitration agreement is broader than the language this Court considered in the Memmer case. *Compare* Tucker Agreement § 32 (requiring arbitration of material disputes arising under *both* the "employment relationship" and "this Agreement"); *with* Memmer Agreement § 32 (requiring arbitration of material disputes arising "under this Agreement").

## ARGUMENT

The Court should dismiss the Complaint and compel arbitration, because a valid arbitration provision exists, all of Tucker's claims fall within that provision, and all of the claims are arbitrable under federal law. Section 32 of the Agreement states in relevant part:

> **<u>Arbitration</u>**. If a material dispute arises out of the employment relationship between the parties or under this Agreement (other than a breach by [Tucker] of [certain provisions of the Agreement]) . . . , the parties shall submit such dispute to binding arbitration . . . . BY SIGNING THIS AGREEMENT, EMPLOYEE ACKNOWLEDGES THAT HE OR SHE IS GIVING UP THE RIGHT TO A TRIAL IN A COURT OF LAW AS TO ANY DISCRIMINATION OR OTHER STATUTORY CLAIMS, AND IS HEREBY AGREEING TO SUBMIT ALL SUCH CLAIMS TO BINDING ARBITRATION.

(Agreement § 32 (emphasis original).) Both parties consented to this provision via their respective signatures. (*See id.* at 16.) And there is no question the Agreement involves valid consideration because UWM paid Tucker a salary in exchange for his work. (*See id.* § 9.) The arbitration provision is therefore valid and fully enforceable under Michigan contract law. *See e.g.*, *Myers v. Darden Rest. Grp.*, No. 14-13316, 2015 WL 5693673, at *3 (E.D. Mich. Feb. 13, 2015) (holding that arbitration provision in employment contract was valid under Michigan contract law because "the arbitration of employment matters . . . is a proper subject matter"; "the exchange of wages for Plaintiff's work" was "legal consideration"; and the "parties mutually agreed by signing").

8

Tucker's claims in this case also fall squarely within the scope of the arbitration provision. "When a contract contains an arbitration clause, there is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576–77 (6th Cir. 2003) (internal quotation marks and citation omitted). In addition, "[w]here the arbitration clause is broad, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claims from arbitration, will remove the dispute from consideration by the arbitrators." *Id.* at 577 (internal quotation marks and citation omitted). In the Sixth Circuit, "[a]n arbitration clause requiring arbitration of any dispute arising out of an agreement," qualifies as "extremely broad." *Id.* at 578. The same is true of a provision including the phrase "aris[e] under." *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983); *see also Battaglia v. McKendry*, 233 F.3d 720, 724–25 (3d Cir. 2000); *Laborers' Int'l Union of N. Am., Loc. Union No. 576 v. Churchill Downs Racetrack, LLC*, No. 3:19-CV-936-RGJ, 2021 WL 1109357, at *5 (W.D. Ky. Mar. 23, 2021); *Dobson v. Counsellors Sec., Inc.,* No. 94-CV-73942-DT, 1995 WL 871004, at *4 (E.D. Mich. Sept. 13, 1995).

In assessing whether a claim falls within the scope of an arbitration provision, courts should also consider whether the action can be "maintained without reference to the contract *or relationship* at issue." *Highlands Wellmont Health Network*, 350 F.3d at 576 (emphasis added). "[A]ny dispute between contracting parties that is *in any way connected with their contract* could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language." *Sparks Belting Co. v. BDL Maschinenbaugesellshaft, GmbH*, No. 1:05-CV-293, 2005 WL 3556086, at *3 (W.D. Mich. Dec. 29, 2005) (emphasis added).

Here, the arbitration provision requires arbitration of any "material dispute aris[ing] out of the employment relationship between the parties or under this Agreement" (Agreement § 32), making it "broad" under Sixth Circuit precedent, and there is no express provision excluding Tucker's claims. *Cf. Highlands Wellmont Health Network*, 350 F.3d at 577. To the contrary, the Agreement expressly includes the claims asserted in the Complaint: "ANY DISCRIMINATION OR OTHER STATUTORY CLAIMS." (Agreement § 32.) It is also beyond cavil that Tucker's claims are, at the very least, "connected" to the Agreement and his employment relationship. *Sparks Belting*, 2005 WL 3556086, at *3. The claims implicate the terms of the Agreement (in particular, the terms governing UWM's "policies and procedures" (Agreement §§ 10-11)), as well as the general employment "relationship at issue." *Highlands Wellmont Health Network*, 350 F.3d at 576.

10

Tucker's discrimination claims therefore fall within the scope of the arbitration provision. *Id.*; *see also, e.g.*, *Panepucci v. Honigman Miller Schwartz & Cohn LLP*, 281 F. App'x 482, 484, 486–87 (6th Cir. 2008) (holding that a variety of discrimination claims, including disability discrimination and retaliation claims brought under the ADA, ELCRA, Title VII, and MDPCRA, fell within scope of arbitration clause governing a "controversy or claim arising under or related to the [Employment] Agreement"); *Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-CV-2341-T-02JSS, 2019 WL 5887179, at *2 (M.D. Fla. Nov. 12, 2019), *appeal dismissed*, No. 19-14935-JJ, 2020 WL 1243600 (11th Cir. Jan. 2, 2020) (holding that Plaintiff's claims fell within scope of similar arbitration provision in employment contract, because claims were not expressly excluded; reasoning further that "Plaintiff's rights under [discrimination] statutes exist because of her status as an employee," and "this status arises from the terms of the employment agreement"); *McGee v. Armstrong*, No. 5:11CV2751, 2014 WL 3012879, at *3–5, 8 (N.D. Ohio July 3, 2014) (holding that various discrimination claims fell within scope of similarly broad arbitration provision).

Finally, it is well-settled that all of Tucker's claims are arbitrable. His federal statutory claims are plainly arbitrable:

- Claims brought under 42 U.S.C. § 1981 are arbitrable. *See Hillery v. Genisys Credit Union*, No. 23-11452, 2023 WL 6627969, at *2 (E.D. Mich. Oct. 11,

2023) ("Plaintiff's argument against compelling arbitration is that Congress intended to exempt claims brought under 42 U.S.C. § 1981 from the FAA. However, there is no authority to support plaintiff's position, and even the Supreme Court has determined that a claim under § 1981 was arbitrable."); *ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708, 713 (E.D. Mich. 2022) ("Congress did not intend § 1981 claims to be nonarbitrable."); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010) (sending § 1981 action to arbitration); *Richardson v. Universal Tech. Inst. of Ariz., Inc.*, No. 1:06-CV-858, 2007 WL 1343672, at *3 (W.D. Mich. May 8, 2007) ("[T]he Court concludes that Richardson's claims under § 1981 and the Elliott-Larsen Act are arbitrable.").

- Claims brought under Title VII are arbitrable. *See Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir. 1991) (enforcing arbitration of Title VII claims)[4]; *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509 (6th Cir. 2004) ("[W]e decided that Congress did not intend to exclude Title VII claims from arbitration."); *Debro v. French*, 15-14225, 2017 WL 927622, at *4 (E.D. Mich. Feb. 16, 2017), report and recommendation adopted, 15-CV-14225,

---

[4] In a later decision, the Sixth Circuit rejected *Willis*'s *dicta* regarding the scope of the FAA's exclusory clause. *See Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592, 600–01 (6th Cir. 1995) ("We conclude that the exclusionary clause of § 1 of the Arbitration Act should be narrowly construed to apply to employment contracts of seamen, railroad workers, and any other class of workers actually engaged in the movement of goods in interstate commerce in the same way that seamen and railroad workers are.").

2017 WL 914216 (E.D. Mich. Mar. 8, 2017) ("The Court also agrees with defendants that the Title VII claims are subject to the FAA.").

And although "the FAA preempts state laws and policies regarding arbitration," *Fazio*, 340 F.3d at 392-93, both Michigan and federal courts agree that state law claims under the ELCRA are arbitrable. *See e.g.*, *Hunt v. Macy's Retail Holdings, Inc.*, 08-14307-BC, 2009 WL 349359, at *4 (E.D. Mich. Feb. 10, 2009) (granting "motion to compel arbitration and dismiss complaint . . . with respect to Plaintiff's ELCRA claims"); *Rembert v. Ryan's Fam. Steak Houses, Inc.*, 596 N.W.2d 208, 226 (Mich. App. 1999) (holding that "[n]either the CRA nor the PWDCRA inhibit arbitration of claims").

In sum, the parties agreed to arbitrate, all of Tucker's claims are subject to the arbitration provision, and all of his claims are arbitrable. Accordingly, the Court should dismiss the complaint and enter an order compelling arbitration. *See Fazio*, 340 F.3d at 392.

## CONCLUSION

For the reasons stated above, UWM respectfully asks the Court to dismiss the complaint and compel arbitration.

13

Dated:  January 10, 2024        /s/*Dean Pacific*

                                            Dean Pacific (P57086)
                                            Daniel S. Brookins (P86665)
                                            WARNER NORCROSS + JUDD LLP
                                            150 Ottawa Avenue NW, Suite 1500
                                            Grand Rapids, MI 49503
                                            616.752.2000
                                            dpacific@wnj.com
                                            dbrookins@wnj.com

                                            *Attorneys for Defendant*