IN THE UNITED STATES DISCRIT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| COREY TUCKER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CASE NO. 2:23-cv-13134-SFC-APP |
| VS. | ) | |
| | ) | Hon. Sean F. Cox |
| UNITED WHOLESALE MORTGAGE, INC. | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND COMPEL ARBITRATION, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY THE LITIGATION

Defendant brings its motion under Fed. R. Civ. P. 12(b)(3) and the Federal Arbitration Act (FAA), 9 U.S.C 1. *et sq*. in an attempt to dismiss the allegations against it so that Plaintiff has to proceed in private rather than in Court, where her constitutional right is protected. For the reasons stated in the attached brief, Plaintiff denies Defendant is entitled to the relief it seeks and requests this

Honorable Court deny Defendant's Motion and allow Plaintiff's claims to move forward in open court.

Dated: January 31, 2024          Respectfully Submitted,

                      /s/ Carla D. Aikens
                      CARLA D. AIKENS, P.L.C.
                      Carla D. Aikens (P69530)
                      Rejanae M. Thurman (P85701)
                      Attorneys for Plaintiff
                      carla@aikenslawfirm.com
                      rejanae@aikenslawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on January 31, 2024, by:

                      /s/ Katarzyna Nowicki

2

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................. 1

ISSUE PRESENTED..................................................................... 2

TABLE OF AUTHORITIES ........................................................... 3

FACTS ....................................................................................... 1

ARGUMENT ............................................................................... 2

   A.  Standard of Review ....................................................... 2

   B.  The Arbitration Agreement May Not Be Enforceable Under Michigan Law  4

   C.  There is Insufficient Evidence to Conclude Plaintiff Agreed to Arbitration .. 6

   D.  Requiring Plaintiff to Arbitrate Her Claims Are Against Michigan Public Policy............................................................................ 9

CONCLUSION ............................................................................11

1

## <u>ISSUE PRESENTED</u>

I.     Whether the claims in Plaintiff's complaint are subject to arbitration.

Plaintiff says:          No.

Defendants say:       Yes.

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)..........................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................. 3

*Bank of America, NA v First American Title Ins. Co.*, 499 Mich. 74 (2016).......... 8

*Bassett v. Natl Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)................ 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 3

*Cooper v. MRM Investment Co.,* 367 F.3d 493 (6th Cir. 2004) ............................ 6

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)..........................4, 8

*Heurtebise v Reliable Business Computers*, 452 Mich 405 (1996)...................4, 11

in *Fazio v. Lehman Bros.*, 340 F.3d 386 (6th Cir. 2003) ....................................... 6

*Javitch v. First Union Sec., Inc.*, 315 F.3d 619 (6th Cir. 2003) ............................ 9

*Morrison v. Circuit City Stores, Inc.*, 317 F. 3d 646 (6th. Cir. 2003) .................... 3

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U. S. 1 (1983). 7

*Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118 (1999) .............. 4

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) ................................... 7

*Rushton v Meijer, Inc*, 225 Mich App 156 (1997) ................................................ 5

*Saidizand v. Gojet Airlines, LLC*, Case No. 163664 (Mich. June 23, 2023) .......... 4

## FACTS

Plaintiff is an African American man who was employed by the Defendant beginning on or about December 20, 2021 with his last position at being Account Executive. Shortly after his employment began, Plaintiff began to notice differential treatment within the workplace. Specifically, Plaintiff was assaulted both physically and verbally by his Caucasian coworkers while at the workplace. Upon both information and belief, Plaintiff reported the conduct to his supervisors and/or Defendant had reason to know about the conduct that Plaintiff was being subjected to.

Plaintiff's white coworkers would hurly insensitive or otherwise racist comments at the Plaintiff based upon his status as a Black man. These comments occurred both in person and during virtual interactions with Plaintiff's white coworkers. When Plaintiff started to bring up complaints about the treatment he received, he was discouraged or forbidden from reporting the conduct directly to the Team Member Service department. Finally, after months of enduring this behavior, Plaintiff was terminated without warning by one of Defendant's managers for using the lavatory. Plaintiff is aware of other similarly situated employees who did the same action and were not terminated for their actions.

Defendant then brought this instant motion to force the Plaintiff into Arbitration based upon an alleged agreement. (ECF No. 6 PageID. 28-51). In

1

support of its motion, Defendant attached a Declaration from Jeff Wohlgamuth

working in an unexplained position of "AVP." (ECF 6-1 PageID. 52-74). With the

declaration, a copy of the alleged agreement was attached. Id. However, Plaintiff

does not recall ever signing, electronically or otherwise , the agreement Defendant

holds out as a valid agreement. (Exhibit A: Declaration of Corey Tucker). Further,

there is no evidence nor can the Plaintiff recall anyone explaining what was being

signed or what fundamental rights Mr. Tucker would be losing. (*See* Exhibit A).

Defendant now claims that Plaintiff signed an arbitration agreement and that this

Court should not hear her claims. Plaintiff prays that this motion be denied.

## <u>ARGUMENT</u>

*A. Standard of Review*

Dismissal is appropriate when a plaintiff fails to state a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts assume the factual

allegations in the complaint are true and construe the complaint in the light most

favorable to the plaintiff. *See Bassett v. Natl Collegiate Athletic Ass'n*, 528 F.3d

426,430 (6th Cir. 2008). The Supreme Court has articulated the following standard

regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to
> dismiss does not need detailed factual allegations, a plaintiff's
> obligation to provide the "grounds" of his "entitlement to
> relief" requires more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of action will not
> do. Factual allegations must be enough to raise a right to relief

2

> above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint
must contain sufficient factual matter to "state a claim to relief that is plausible on
its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual
content allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct.
1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Finally,
determining whether a complaint states a plausible claim for relief requires a
reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556
U.S. at 679.

In deciding whether to compel arbitration of a federal statutory claim, courts
first consider whether the statutory claim is generally subject to compulsory
arbitration. If the claim is not exempt from arbitration, courts must then consider
whether the arbitration agreement is valid and enforceable. *Morrison v. Circuit
City Stores, Inc*., 317 F. 3d 646, 665 (6th. Cir. 2003). Additionally, courts review
the enforceability of an arbitration agreement according to the applicable state law
of contract formation. *Id*. (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S.
938, 943-44, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

B. *The Arbitration Agreement May Not Be Enforceable Under Michigan Law*

On June 23, 2023, the Michigan Supreme Court in *Saidizand v. Gojet Airlines, LLC* specifically requested that the parties address "whether claims under the Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq, may be subjected to mandatory arbitration as a condition of employment under Michigan Law." *Id.* Moreover, the Court noted the conflicting nature of *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118 (1999) (holding that Civil Rights Claims are subject to mandatory arbitration agreements contained in employment contracts), and *Heurtebise v Reliable Business Computers*, 452 Mich 405 (1996) (stating that Civil Rights claims should not subject to mandatory arbitration). Accordingly, it is apparent that the Michigan Supreme Court is strongly considering striking mandatory arbitration for all claims under the Elliot Larsen Civil Rights Act, and this Court should, at the very least, hold its ruling in abeyance pending the decision in that case.

Additionally, the agreement does not meet the standards required by *Rembert v Ryan's Family Steak Houses, Inc*. The Michigan Court of Appeals held that arbitration agreements in employment contracts entered into before any claim for unlawful discrimination had accrued ("pre-dispute arbitration agreements") were void as against public policy. *Rushton v Meijer, Inc*, 225 Mich App 156 (1997). Two years later, the Court of Appeals overturned itself, holding that pre-

4

dispute arbitration agreements covering claims of unlawful discrimination were not automatically against public policy. *Rembert v Ryan's Family Steak Houses, Inc*., 235 Mich. App. 118 (1999). However, the *Rembert* court outlined requirements that pre-dispute arbitration agreements must adhere to in order to be enforceable under Michigan law. The *Rembert* court summarized the requirements as follows: (1) pre-dispute agreements to arbitrate statutory employment discrimination claims are valid as long as the employee does not waive any rights or remedies under the statute and the arbitral process is fair; (2) to ensure that employees have a fair opportunity to vindicate effectively statutory rights, the arbitration procedures must include: (a) clear notice, (b) right to counsel, (c) reasonable discovery, (d) a fair hearing, and (e) a neutral arbitrator; (3) if arbitral awards are challenged, the standard of judicial review will be the standard articulated in *DAIIE v. Gavin*, 416 Mich. 407, 433-34; 331 N.W.2d 418 (1982*)*; and (4) to allow for sufficient review, arbitral awards must be in writing and contain findings of fact and conclusions of law. *Rembert*, 235 Mich. App. at 166. Here, the subject pre-dispute arbitration agreement is not enforceable under *Rembert* because it required Plaintiff to waive her constitutional right to a jury trial and to waive her rights and remedies under the ELCRA.  Therefore, it should not be enforced against Plaintiff.

*C. There is Insufficient Evidence to Conclude Plaintiff Agreed to Arbitration*

Federal courts have recognized that "applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements." *Cooper v. MRM Investment Co.,* 367 F.3d 493, 498 (6th Cir. 2004).

As held in *Fazio v. Lehman Bros*., 340 F.3d 386 (6th Cir. 2003), a court has four tasks when determining the applicability of an arbitration agreement: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

Defendant fails to point out that the FAA reflects the fundamental principle that arbitration is a matter of contract. Section 2, the "primary substantive provision of the Act," provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'

6

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U. S. 1, 24 (1983) (citing 9 U.S.C. §2). Arbitration agreements under the FAA are therefore "on an equal footing with other contracts." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) (internal citation omitted). Similar to other contracts, "they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U. S. 681, 687 (1996)). Importantly, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate. *First Options of Chicago*, 514 U.S. at 544; *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

The five basic elements of a contract under Michigan law are "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v First American Title Ins. Co*., 499 Mich. 74, 101 (2016) (quotation marks and citation omitted).

The two central issues before this Honorable Court are lack of consideration and no mutuality of agreement, which requires a valid offer and acceptance. *See* Restatement Contracts, 2d (1981), § 22.

As the Sixth Circuit has stated:

> Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists

between the parties and that the specific dispute falls within the substantive scope of that agreement.

*Javitch v. First Union Sec., Inc*., 315 F.3d 619, 624 (6th Cir. 2003).

First, the purported agreement was provided to Plaintiff after he had already started working for Defendant. As all law school students learn at the beginning of law school in Contracts, consideration is a "bargained for exchange." Thus, while it is questionable whether hiring an at-will employee to whom there is no obligation is adequate consideration for giving up a constitutional right, there is absolutely no consideration where Plaintiff was already employed for many years prior to the document being presented to her to sign. On this basis alone, Defendant's motion should be denied.

Further, Plaintiff respectfully submits that upon a review of the limited facts at hand, it is not apparent that a binding and enforceable agreement was entered into sufficient for the Court to find that he knowingly gave up her constitutional right to a trial by jury. Though Defendant claims Plaintiff signed an agreement by way of the learning modules, it has failed to submit any evidence that the information in the modules was ever explained or if Plaintiff was merely clicking through slides quickly return back to work.

Finally, there is no evidence that Plaintiff understood that signing it meant that he would not be able to proceed in court on her civil rights claims. In fact, Plaintiff has stated that he has no recollection of signing an arbitration agreement,

8

and he does not recall any learning module speaking about an arbitration agreement. (**Exhibit A**, Plaintiff's Declaration) Thus, there is a genuine question of material fact as to the validity of this purported agreement, and Defendant's motion for judgment as a matter of law should be denied.

### D. Requiring Plaintiff to Arbitrate Her Claims Are Against Michigan Public Policy

As described above, the Michigan Supreme Court is currently reviewing whether claims under the Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq, may be subjected to mandatory arbitration as a condition of employment under Michigan Law."

In *Rushton v Meijer, Inc*, 225 Mich. App. 156 (1997), the Michigan Court of Appeals held that arbitration agreements in employment contracts entered into before any claim for unlawful discrimination had accrued were void as against public policy. In doing so, the Court cited to Justice Cavanaugh's opinion in *Heurtebise v Reliable Business Computers*, 452 Mich. 405 (Mich. 1996), wherein it was stated:

> In conclusion, with respect to equal opportunity in the pursuit of civil liberties, such as employment, I believe that the right to be free from unlawful discrimination is of highest priority and too important to jeopardize. I further believe that the constitutionally guaranteed direct access to a judicial forum is so interwoven with the enforcement of civil rights in Michigan that we cannot separate them without potentially harming substantive civil rights. Accordingly, I would hold that the

> Michigan Constitution and our longstanding public policy preclude the enforcement of prospective arbitration agreements in employment contracts. Finally, I would assert that I am not backing away from the public policy favoring alternative means of dispute resolution. For aggrieved individuals seeking to pursue remedies for claims that have already accrued, arbitration may present a quicker and cheaper means of receiving relief, and I fully support the parties' voluntary intent in those cases. I would limit this opinion to the arbitration agreements in employment contracts entered into before any claim for unlawful discrimination has accrued.

*Rushton*, 225 Mich. App. at 169-170; (quoting *Heurtebise*, 452 Mich. at 437-38).

In *Rembert*, a 4-3 majority of the Court of Appeals overturned *Rushton*. In the dissenting opinion, Justice Cavanaugh provided sound reasoning for holding that pre-dispute arbitration agreements contained in employment contracts are void as against of public policy. Among other things, Justice Cavanaugh explained that private arbitration outcomes heavily favor the employer:

> In addition, as the Equal Employment Opportunity Commission (EEOC) and others have argued, the use of mandatory arbitration in such circumstances may result in structural biases in favor of employers. For example, the employer is much more likely to be a "repeat player," while the employee is a "one-shot player." Thus, the employer will have the advantage of familiarity with the arbitration process. When a dispute arises, the employer will have information readily available about various arbitrators and their rulings in previous cases. Furthermore, the arbitrator is likely to feel subtle pressure to find in favor of employers, who represent the source of future business. Indeed, according to one report, seventy percent of the cases involving the mandatory arbitration of employee claims are decided in favor of the employer.

> Moreover, arbitration is essentially a private process and therefore does not allow development of the law. The courts play an essential role in the enforcement of civil rights laws by establishing precedents that give guidance to other companies and employees and by allowing public scrutiny of corporate policies, thus giving companies a strong incentive to eliminate discriminatory practices. However, as the EEOC has observed, "The courts cannot fulfill their enforcement role if individuals do not have access to the judicial forum."

*Rembert*, 225 Mich. App. at 175-76.

As Justice Cavanaugh summarized:

> The public rights embodied in state and federal employment law — such as freedom from discrimination in the workplace and minimum wage and overtime standards — are an important part of the social and economic protections of the nation. Employees required to accept binding arbitration of such disputes would face what for many would be an inappropriate choice: give up your right to go to court, or give up your job. . .. Binding arbitration agreements should not be enforceable as a condition of employment.

*Id*. at 177. Accordingly, given the recognized importance of effectively enforcing the civil rights of Michigan employees, pre-dispute arbitration clauses in employment contracts should be void as against public policy. As explained above, the Michigan Supreme Court is currently reviewing this issue in *Saidizand*.

## CONCLUSION

For the reasons stated, Plaintiff requests that this Honorable Court deny Defendant's Motion, and allow Plaintiff's claims to move forward. Alternatively, if the Court finds as a matter of law that there is a binding agreement, Plaintiff asks

that this matter be stayed pending the Michigan Supreme Court's opinion in *Saidizand*.

Dated: January 31, 2024                    Respectfully Submitted,

                                           /s/  Carla D. Aikens
                                           CARLA D. AIKENS, P.L.C.
                                           Carla D. Aikens (P69530)
                                           Rejanae M. Thurman (P85701)
                                           Attorneys for Plaintiff
                                           carla@aikenslawfirm.com
                                           rejanae@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on January 31, 2024, by:

                                           /s/Katarzyna Nowicki