## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

COREY TUCKER,

               Plaintiff,

v.

UNITED WHOLESALE MORTGAGE, INC.,

               Defendant.

_____/

Case No. 23-cv-13134

Brandy R. McMillion
United States District Judge

Mag. Judge Anthony P. Patti

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 6) AND COMPELLING ARBITRATION

Plaintiff Corey Tucker ("Tucker") filed this race discrimination action against his former employer, Defendant United Wholesale Mortgage, Inc. ("UWM"). ECF No. 1. Defendant now moves to dismiss this case and compel arbitration under Federal Rule of Civil Procedure 12(b)(1), or alternatively Rule 12(b)(6). ECF No. 6. The Court held oral argument on June 27, 2024. Because the Court finds that Plaintiff's Employment Agreement (which contains a mandatory arbitration provision) is valid and enforceable, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) and **COMPELS** the parties to arbitrate the claims raised in this action.

## I.

Tucker began his employment with UWM in or around December 2021 as an Account Executive.  ECF No. 1 at PageID.2, ¶7. "Shortly after his employment began, plaintiff began to notice differential treatment in the workplace." *Id.* at PageID.2, ¶8.  Particularly, Tucker was subject to racist and crude remarks, as well as "physical and verbal assault" during his employment.  *See id. at* PageID.3-6. Tucker reported this behavior and environment to his manager and human resources. *See id.* at PageID.4, ¶18; PageID.5, ¶ 30.  Tucker was eventually terminated due to an alleged violation of company policy.  *See id.* at Page ID.6, ¶ 34.  Tucker filed a charge with the EEOC shortly thereafter, and this suit followed.  *See id.* at Page ID.7, ¶¶41, 42.

In lieu of answering the Complaint, Defendant moves to dismiss the suit or/in the alternative seeks summary judgment on the grounds that the suit is barred by the arbitration agreement contained in Tucker's employment agreement.  ECF No. 6. Defendant submits the declaration of Jeff Wohlgamuth, who supervises "the hiring and onboarding process for new employees of UWM," and states that Tucker signed an employment agreement (which contained an arbitration provision) electronically using the company's online onboarding system prior to beginning employment with UWM.  *See* ECF No. 6-1 at PageID.53, ¶¶1,3.  Regarding arbitration, the agreement states:

2

> **"<u>Arbitration.</u>** If a material dispute arises out of the
> employment relationship between the parties or under this
> Agreement (other than a breach by the Employee of
> Sections 8 and 12 through 26, inclusive, for which the
> Company shall be entitled to equitable relief), the parties
> shall submit such dispute to binding arbitration and such
> arbitration shall otherwise comply with and be governed
> by the provisions of the expedited employment arbitration
> rules of the American Arbitration Association."

ECF No. 6-1 at PageID.67, ¶32, and further states that by signing the agreement,
Tucker waived his right to trial by jury. *See id*. at PageID.67, ¶31. Defendant claims
that the agreement covers the scope of Tucker's complaint and that the claims
Plaintiff asserts are arbitrable.  ECF No. 6 at PageID.46-47.

Tucker raises several grounds against dismissal.  He generally argues that the
employment contract is invalid and not enforceable because there was no
consideration for the agreement; the agreement lacked mutuality because he does
not recall signing the agreement, did not understand its terms, and it was not
explained to him; and the agreement is not enforceable because he did not knowingly
and voluntarily waive his right to a jury trial. *See* ECF No. 7 at PageID.87-89.  He
also argues that a pre-dispute arbitration agreement should be considered void as
against public policy, given current state legal jurisprudence. *Id*. at PageID.83-84,
88-90.

## II.

In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted).  Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[A]n arbitration agreement presents a reason to dismiss under 12(b)(6) . . . ." *Baker v. Iron Workers Loc. 25 Vacation Pay Fund,* 999 F.3d 394, 400 (6th Cir. 2021) (citing *Teamsters Loc. Union 480 v. United Parcel Serv., Inc*., 748 F.3d 281, 286 (6th Cir. 2014)); *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should ... be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion.").

4

The Federal Arbitration Act ("FAA") governs arbitration agreements. 9 U.S.C. § 1 *et seq.* Section 4 of the FAA permits a party to petition the Court for an order compelling arbitration when the opposing party fails, neglects, or refuses to arbitrate under a written arbitration agreement. 9 U.S.C. § 4. Under that provision, the Court must "hear the parties, and upon being satisfied that the making of the agreement for arbitration… is not in issue… make an order directing the parties to proceed to arbitration." *Id*. However, if the "making of the agreement" be an issue, the Court must proceed to a trial thereof unless the petition presents evidence from which a reasonable jury could find that a contract exists; and the respondent fails to present any evidence of a genuine dispute of material fact as to the validity of the arbitration agreement. *See Memmer v. United Wholesale Mortg.*, No. 23-CV-11261, 2023 WL 8818298, at *3 (E.D. Mich. Dec. 18, 2023) (citing *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)) (internal quotations omitted).

## III.

Under the FAA, to compel a party to arbitration, the Court must determine the scope of the parties' arbitration agreement to ensure the claims are "in accordance with the terms of the arbitration agreement[;]" consider whether Congress intended any federal statutory claims raised to be non-arbitrable; and determine that parties agreed to arbitrate. 9 U.S.C. § 4. At the outset, the Court concludes that the employment agreement containing the arbitration provision covers all the claims that

Tucker asserts in his complaint. *See* ECF No. 6-1 at PageID.68 (Section 32 requires arbitration of any material dispute arising out of "the employment relationship between the parties"). Moreover, Congress did not intend any of Plaintiff's federal statutory claims (42 U.S.C. §1981, Title VII) to be non-arbitrable. *See ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708, 713 (E.D. Mich 2002); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509 (6th Cir. 2004). Therefore, UWM is entitled to an order compelling arbitration so long as the parties agreed to arbitrate, or in other words, the arbitration provision is valid and enforceable.

The Parties' arguments focus mostly on whether there is a valid and enforceable arbitration agreement that requires them to arbitrate substantive disputes. Tucker launches several arguments regarding the validity of the contract: (1) that there was a lack of valid consideration; (2) that there was no mutuality of agreement[1]; and (3) that the arbitration agreement is not enforceable under state law.

Under §4 of the FAA, this puts the "making of the agreement in issue." *See Memmer*, 2023 WL 8818298, at *3. However, the Court finds that UWM has presented a *prima facie* case that a valid contract exists, and Tucker has failed to present evidence of a genuine dispute of material fact as to the validity of the

---

[1] This is based on Michigan's framework for determining the existence of a contract: "(1) parties are competent to contract (2) a proper subject matter (3) legal consideration, (4) mutuality of agreement and (5) mutuality of obligation." *See Bank of America, NA v. First Am. Title Ins. Co.*, 499 Mich. 74, 101 (2016) (quotation marks and citations omitted).

agreement to arbitrate.  Consequently, a trial on the question of the making of the agreement is unnecessary; and the Court will address each of Tucker's arguments in turn.

### A. Valid Consideration

Tucker argues that "there is absolutely no consideration where Plaintiff was already employed for many years prior to the document being presented to [him] to sign." ECF No. 7 at PageID.87.  This argument fails.  There is nothing in the record to suggest that Tucker had been employed at UWM for many years.  To the contrary, Tucker began his employment on or about December 20, 2021 (ECF No. 7 at PageID.80), and he signed the employment agreement on or about December 16, 2021 (ECF No. 6-1 at PageID.69), in advance of him beginning to work for UWM. And employment agreements in exchange for offers of employment are enough to satisfy the requirement of "valid consideration" for contracts.  *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 630–31, 292 N.W.2d 880, 900 (1980) (while employment agreements tend to be unilateral in nature as the employer makes an offer or promise which the employee accepts by performing the act upon which the promise is expressly or impliedly based, the employee's action or forbearance in reliance upon the employer's promise constitutes sufficient consideration to make the promise legally binding.).  Nonetheless, even continued employment is sufficient consideration to validate an employment contract that

includes an arbitration provision. *See Solomon v. CARite Corp. LLC*, 837 Fed.
App'x 355, 362 (6th Cir. 2020) ("In Michigan, continued employment is sufficient
consideration to validate a contract in an at-will employment setting") (quoting
*Tillman v. Macy's Inc.*, 735 F.3d 453, 460 (6th Cir. 2013).

### B. Mutuality of Agreement

Tucker further asserts the contract is invalid because there is no mutuality of
agreement.  He argues that (a) he does not recall signing an arbitration agreement,
(b) he did not understand the document and its implications, (c) he did not have
adequate time to review all the employment documents or seek legal advice, and (d)
he would not have signed an arbitration agreement without further explanation of
what arbitration means and how it works.  *See* ECF No. 7 at Page ID.87-88; ECF
No. 7-1 at PageID.94, ¶¶13-16.  UWM presents with its Motion the Wohlgamuth
Declaration, which states Tucker signed the agreement through an online system
which required him to create a password and profile.  ECF No. 6-1 at PageID.58, ¶
3.  Tucker does not dispute this.  He simply states he did not recall signing an
arbitration agreement and does not believe he would have done so without further
explanation. *See* ECF No. 7 at PageID.81.

A "naked assertion ... by a party to a contract that it did not intend to be bound
by the terms thereof is insufficient to place in issue the making of the arbitration
agreement" for the purposes of Section 4 of the Federal Arbitration Act.  *See*

*Hardaway v. Aveanna Healthcare*, LLC, No. 23-12246, 2024 WL 2271826, at *3 (E.D. Mich. May 20, 2024) (quoting *Mazera v. Varsity Ford Mgmt. Servs.*, LLC, 565 F.3d 997, 1002 (6th Cir. 2009)); *see also Brown v. Heartland Emp. Servs., LLC*, No. 19-11603, 2020 WL 2542009, at *4 (E.D. Mich. May 19, 2020) (internal quotation marks and citations omitted).  Further, "[e]mployees may be bound by their signatures on an arbitration agreement even if they do not remember signing the agreement and even if they state that they never saw the policy." *Id.*  Thus, Tucker's statements do not relieve him of a finding that there was an intent to be bound by the agreement.  *Cf. Memmer*, 2023 WL 8818298, at *4 ("[A]n 'unequivocal denial' that takes the form of admissible evidence can create a genuine dispute of fact.") (cleaned up); *see also Brown*, 2020 WL 2542009, at *4 (employee's declaration that she did not see or did not remember electronically signing arbitration agreement "fails to place the validity of the contract at issue under Sixth Circuit law") (citing *Mazera v. Varsity Ford Mgmt. Servs.*, 565 F.3d 997, 1002 (6th Cir. 2009).

The Court does note, however, that UWM's statements that Tucker did sign the contract are scant when compared to what courts have typically found sufficient when analyzing mutuality of agreement.  *Aveanna Healthcare, LLC*, 2024 WL 2271826 at *2–3 (employer presented screenshots that plaintiff read and signed agreement and provided a detailed explanation of the company's hiring platform);

9

*Brown*, 2020 WL 2542009, at *4 (same). However, on balance and considering the facts in the light most favorable to Tucker, the Court finds mutuality of agreement through the documentation demonstrating an electronic signature unique to Tucker and the fact that he has not affirmatively denied signing the document.

The Court also notes that Tucker's affidavit is somewhat contradictory in that he states he does not recall signing the document but then also seems to suggest that he did, but no one explained document to him. *Compare* ECF No. 7-1 at PageID.94, ¶13 ("I do not recall signing an arbitration agreement") *with Id*. at PageID.94, ¶14 ("I was never told what I was signing, nor did I understand the document or its implications"); *see also Aveanna Healthcare*, LLC, 2024 WL 2271826, at *2 (finding inconsistencies with similar language). Because Tucker is unable to demonstrate a lack of mutuality based on the record presented, the Court finds the employment agreement valid and enforceable.

### C. Validity of Pre-Dispute Arbitration Agreements

Finally, Tucker argues that pre-dispute arbitration agreements may be deemed void as against Michigan public policy; and asks the Court to stay the proceedings until the Michigan Supreme Court has ruled on this issue. *See* ECF No. 7 at PageID.88-91. However, it is well-settled that "the FAA preempts state laws and policies regarding arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392-93 (6th Cir. 2003). So, as it relates to Tucker's federal law claims, the Court finds the

employment agreement consistent with the policy of the FAA. In relation to Tucker's state law claim, the Court leaves to the arbitrator whether he/she wants to stay the arbitration as it relates to those claims.

## IV.

Based on the foregoing, the Court finds that a reasonable jury could find that the parties entered into a valid and enforceable agreement. The claims raised by Plaintiff do not create a genuine issue of material fact on this issue, and therefore, an order compelling the parties to arbitration is appropriate.

Having found that Plaintiff's claims are within the scope of the parties' arbitration agreement, that Congress did not intend any of the Plaintiff's federal statutory claims non-arbitrable, and that the employment agreement (which contains the arbitration provision) is valid and enforceable, the Court will dismiss this action and compel the parties to arbitration. [2]

---

[2] The Court is mindful of the recent U.S. Supreme Court decision *Smith v. Spizzirri*, 144 S.Ct. 1173 (2024), in which the Court held that a district court must, under § 3 of the FAA, stay (instead of dismiss) proceedings pending arbitration. *Id.* at 1178. This holding, however, is limited to where the party seeking arbitration has requested a stay, *see id.*, a situation that is not present here. In fact, the party opposing arbitration is the one requesting the stay (albeit for different reasons – the Michigan Supreme Court's impending decisions in a line of cases dealing with mandated arbitration), which the Court finds is not governed by *Spizzirri*. The Court also notes that its only potential role moving forward would be to enforce the terms of an arbitration award, and therefore, dismissal would be appropriate. *See Brown v. U.S. Xpress, Inc.*, 2024 WL 2700079 (W.D. Mich. May 24, 2024).

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6).   The parties are hereby **COMPELLED** to arbitrate the claims raised in this action.

      **THIS IS A FINAL ORDER THAT CLOSES THE CASE**.

      **IT IS SO ORDERED.**

Dated: July 10, 2024                 s/Brandy R. McMillion
                                          BRANDY R. MCMILLION
                                          United States District Judge